UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN CARLOS PEÑA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICARDO MORENO, )<br>)<br>Defendant. )<br>_____) | Civ. A. No. 04-10225-RCL |

**Declaration of Todd S. Heyman in Support of
Plaintiff's Response to Defendant's Motion to Remove Default and
Plaintiff's Request for a Status Conference with the Court**

Todd S. Heyman hereby states under the penalties of perjury:

1. I am counsel for the Plaintiff in the above captioned matter.

2. On February 26, 2004, I received a phone call from Attorney David Faye ("Faye") indicating that he would probably be representing the Defendant Ricardo Moreno ("Moreno") in the above captioned matter.

3. In that conversation, I agreed to Attorney Faye's request for an extension of time to respond to the complaint up to and including March 11, 2004. Despite my agreement to the extension of time, Defendant never filed any motion with the Court seeking such an extension of time to respond to the complaint with the Court.

4. Also during that conversation, I discussed with Attorney Faye the factual allegations in the complaint.

5. On March 8, 2004, I received a voice mail message from Defendant Moreno indicating his desire to discuss the case. However, I did not return the call because I understood

Defendant was represented by Attorney Faye.

6. Later that same day, I received a call from Faye, and we had at least two separate telephone conversations on that day. During those conversations, the following matters were discussed: (1) Faye requested a rough estimate of Plaintiff's damages (which I calculated and subsequently communicated to Faye); (2) I requested that Faye inform his client that he may not contact Plaintiff directly (which Faye agreed to do); and, (3) I informed Faye that I would not respond to Defendant Moreno's earlier voice mail message because Faye was representing him.

7. On March 11, 2004, the date that I had assented to for filing an answer in this action, I received another voice mail message from Faye. In this message, Faye informed me: (1) Defendant Moreno had not responded to Faye's phone messages and had ignored Faye's requests to come to Faye's office; (2) Faye could not grant Moreno "any more courtesies" in light of Moreno's refusal to cooperate and the impending deadline to file an answer; and, (3) Faye had informed Defendant Moreno that he could not represent him and Faye gave me permission to contact Defendant Moreno directly.

8. As a result, later that same day, I contacted Defendant Moreno and had a lengthy conversation with him concerning, among other topics, Defendant Moreno's need to respond to the complaint. Because Defendant indicated he was having difficulty finding an attorney to represent him, I agreed to yet another extension to respond to the complaint until March 25, 2004, and confirmed this agreement by letter on that same day. *See* Ex. A hereto (Letter of Todd S. Heyman to Defendant, dated March 11, 2004). By both telephone and letter, I also provided Defendant with contact information for the Court's administrative personnel who assist *pro se* parties in finding counsel. *Id.*

9. On March 15, 2004, I contacted the Court's clerk to inquire whether a motion was required for an extension of time – given that the Defendant was now *pro se* and that I had assented to the extension. Because the Court informed me that there was a risk of the defendant being defaulted in the absence of a motion to extend the time to respond to the complaint, I informed Defendant Moreno in a voice mail message that he must seek an extension of time to answer, and provided him with the contact information for the Court so that he could request the extension by formal motion.

10. On or around March 18, 2004, I received a copy by mail of a motion seeking an extension of time to respond to the complaint which was dated March 16, 2004, and the certificate of service indicated that Defendant would file a copy with the Court by hand on Wednesday, March 17, 2004. However, a review of the Docket Report in this action reveals that the motion was apparently not filed by hand with the Court until March 25, 2004. *See* Docket Entry 6.

11. In that motion, the Defendant indicated that he was in the process of seeking and retaining an attorney. *See* Exhibit B hereto (containing copy of the motion as filed with the Court on March 25, 2004). When filing the motion by hand, Attorney Moura indicated by hand writing on the document that it was actually sent to the Court by FAX from his office (with his office's FAX cover sheet) on or before March 18, 2004. *See* Exhibit B.

12. On March 23, 2004, I received electronic notice from the Court of an entry of default against Defendant issued that same day. *See* Docket Entry 3.

13. Two days later, on March 25, 2004, Attorney Moura appeared at my office requesting to speak with me. At that time, Moura served on me, by hand, two pleadings. They

were a motion to dismiss and an affidavit in support of the motion to dismiss. *See* Exhibits C and D hereto, respectively. Moura told me that he would not be representing Defendant in this action, but that he was "doing this" only as a favor for Defendant. Moura did not sign the two pleadings as counsel for Defendant; they were signed, *pro se*, by the Defendant Moreno. *See* Exhibits C and D hereto. I informed Moura that the Defendant had been defaulted, and then Moura and I continued to discuss the merits (or lack thereof) of Defendant's motion to dismiss and the factual allegations in the case.

14. On March 29, 2004, I received electronic notice from the Court of three pleadings filed on behalf of Defendant – the motion for an extension of time that I had received on or about March 18, 2004 (only now with Moura's handwriting indicating the document had been FAXed to the Court by Moura), a motion to remove default, and a supporting affidavit to that motion signed by Moura. *See* Exhibits B, E, and F attached hereto, respectively.

15. However, I did not receive electronic notice of the filing of the motion to dismiss and the supporting affidavit which are attached hereto as Exhibits C and D. The motion seeking removal of default specifically referenced the motion to dismiss and indicated that it too was filed on March 25, 2004. *See* Exhibit E.

16. As a result, on March 29, 2004, I contacted both the Court and Attorney Moura requesting clarification of whether Defendant actually had filed the motion to dismiss and supporting affidavit attached hereto as Exhibits C and D – which had been served on me personally by Moura himself on March 25, 2004.

17. At this time, I have yet to obtain clarification from Moura on this point and the Court's electronic docket report (at the time of filing this pleading) does not reflect that the

motion to dismiss and supporting affidavit attached hereto as Exhibits C and D were actually filed with the Court.

Sworn to under the penalties of perjury this 30th day of March, 2004.

_____
Todd S. Heyman

## CERTIFICATE OF SERVICE

I hereby certify that on 3/30, 2004, I caused a true and accurate copy of the above document to be served by Overnight Mail on the Defendant Ricardo Moreno at 7 Surro Drive, Framingham, MA 01701, and counsel for the Defendant, Paulo J. Moura, at Moura & Moura, 11 Russell St., Plymouth MA 02360.

_____          3/30/04
                                          Date

5