SCANNED
DATE: 4-7-04
BY: 10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN CARLOS PEÑA, ) | |
| Plaintiff, ) | |
| v. ) | Civ. A. No. 04-10225-RCL |
| RICARDO MORENO, ) | |
| Defendant. ) | |

**Plaintiff's Supplemental Response to Defendant's Motion to Remove Default and Plaintiff's Request for a Status Conference with the Court**

Plaintiff respectfully submits this supplemental memorandum in response to the Defendant's motion to set aside the entry of default issued by this Court on March 23, 2004. *See* Docket Entries 3, 4. Since the date of the Plaintiff's first response[1] to the Defendant's motion to set aside the entry of default (Docket Entry 7), Plaintiff's Counsel has been informed by Paulo J. Moura, the attorney who appeared on Defendant's behalf, that he is not licensed to practice before this Court. In addition, it has also become clear that on the very same day that Mr. Moura filed the pleadings requesting that the entry of default be set aside, he filed an additional pleading seeking to dismiss the case that was

---

[1] Plaintiff also notes that his first response (and the accompanying declaration of Plaintiff's Counsel) (Docket Entries 7, 8) erroneously stated the date of service on the Defendant was February 24, 2004. February 24 was the date proof of service was filed with the Court, but the Court can observe for itself that the Defendant was actually served on February 11, 2004. *See* Docket Entry 2.

purportedly a *pro se* submission.² These two new developments further support Plaintiff's request for a status conference prior to the Court ruling on any pending matter.

### The Potential Ghostwriting of Defendant's Briefs Would Improperly Skew the Proceedings in Defendant's Favor

Defendant's purportedly *pro se* submissions appear to be authored by a person with at least some legal training, and, as a result, Defendant's purportedly *pro se* status may be false and could result in an inappropriate level of deference being afforded to Defendant by the Court in ruling on any of the matters presently pending. In light of the potential for unacknowledged representation of Defendant, a status conference should be held to clarify to what degree the Defendant has actually been represented by counsel in these proceedings. *See Wesley v. Don Stein Buick, Inc.*, 987 F.Supp. 884, 887 (D.Kan. 1997)(court has inherent power to order disclosure of any lawyer assistance provided to purportedly *pro se* plaintiff because of the danger that a party may improperly seek "to invoke the leniency of the court when she may not have a right to assert [such] *pro se* status. . .").

Plaintiff requests the conference **prior** to the Court's ruling on any of the motions presently before it, because the existence of any attorney ghostwriting "would permeate the proceedings" such that the "entire process would be skewed to the distinct disadvantage of the nonoffending party." *Johnson v. Bd. of County Commissioners for*

---

² When first opposing the motion to set aside the default, Plaintiff noted that the docket did not reflect that the motion to dismiss had been filed and reserved his right to move to strike that motion on various grounds. *See* Docket Entry 7 at 3-5. Because Defendant has since requested to withdraw that motion (and Plaintiff obviously consents to such a request), Plaintiff has not filed a substantive response to the motion at this time, but again reserves his right to do so – if, for some reason -- this Court both sets aside the entry of default and denies Defendant's request to withdraw the motion.

*County of Fremont*, 868 F.Supp. 1226, 1231 (D.Colo. 1994)("pleadings seemingly filed *pro se* but drafted by an attorney would give [a party] the unwarranted advantage of having a liberal pleading standard applied whilst holding [the other party] to a more demanding scrutiny."); *see also Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001)("[B]esides the imprimatur of professional competence such a signature carries, its absence requires [the Court] to construe matters differently for the litigant, as [the Court] give[s] pro se litigants liberal treatment precisely because they do not have laywers.").

### Ghostwriting of Briefs Improperly Seeks to Evade the Requirements and Consequences of Rule 11 of the Federal Rules of Civil Procedure

In addition to the potential for the inappropriate application of a lenient standard to Defendant, ghostwriting of pleadings also creates a potential method for an attorney and/or party to avoid the requirements and consequences of Fed.R.Civ.P. 11. For this reason, the First Circuit has unequivocally held that "[i]f a brief is prepared in any substantial part by a member of the bar, it must be signed by him." *Ellis v. State of Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971). As the First Circuit explains:

> What we fear is that in some cases actual members of the bar represent petitioners, informally or otherwise, and prepare briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar, typified by F.R.Civ.P. 11, but which exists in all cases... of representing to the court that there is good ground to support the assertions made.

*Ellis*, 448 F.2d at 1328; *see also Wesley*, 987 F.Supp. at 887 ( "the Court and the parties... have a legitimate concern that an attorney who substantially participates in a case at least be identified and recognize the possibility that he or she may be required to enter appearance as counsel of record and thereby accept accountability for his or her

participation, pursuant to Rule 11 and the rules of professional conduct applicable to attorneys.").[3]

Concerns over the applicability of Rule 11 are not purely academic here. If the Defendant were to resubmit the motion to dismiss at some point in the future, whether Plaintiff would seek sanctions in connection with responding to the motion will most likely depend on whether the Defendant was represented by counsel in preparing the motion -- precisely because of the more lenient standards applicable to *pro se* parties.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests a status conference with Defendant and Attorney Moura at the Court's earliest convenience to clarify the above matters, and, at this time, opposes the Defendant's Motion for Removal of Default.

By his Attorneys,

Todd Heyman (BBO # 643804)
SHAPIRO HABER & URMY LLP
75 State Street
Boston, MA 02109
(617) 439-3939

## CERTIFICATE OF SERVICE

I hereby certify that on  April 5 , 2004, I caused a true and accurate copy of the above document to be served by  first class mail  on the Defendant Ricardo Moreno, and counsel for the Defendant, Paulo J. Moura, Esq.

_____    4-5-04
                             Date

---

[3] *See also Diamond v. Simon*, No. 89 Civ. 7061, 1992 WL 15046 (S.D.N.Y. Jan. 17, 1992)(awarding sanctions under 28 U.S.C. § 1927 against attorney for failure to sign pleadings to evade requirements of Fed.R.Civ.P. 11); *Thornton v. Acme Steel Co.*, No. 88 C 3658, 1989 WL 88497 (N.D.Ill. Aug. 3, 1989)(awarding sanctions under Rule 11 even in the absence of attorney signature on the pleading).